IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRANDON CHE LEE, )
)
       Plaintiff, )
)
v. ) Case No. CIV-17-860-F
)
BUREAU OF PRISONS, )
)
       Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff, a federal prison appearing pro se, submitted to this Court for filing a complaint alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The matter has been referred by United States District Judge Stephen P. Friot for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth, Plaintiff's action should be dismissed without prejudice because he has failed to comply with this Court's order to cure deficiencies, and thus failing to prosecute his case.

### I.    Procedural History

On August 10, 2017, Plaintiff filed his initial pleading which consisted of a two-page handwritten submission. *See* Complaint [Doc. No. 1]. At the time of filing, Plaintiff neither paid the required $400.00 filing fee nor submitted an application for leave to proceed in forma pauperis. By Order [Doc. No. 5] dated August 11, 2017, the Court directed Plaintiff to cure these deficiencies. Specifically, the Court provided Plaintiff with the proper form to submit his complaint and ordered Plaintiff to pay the filing fee or submit an in forma pauperis application by September 1, 2017. Plaintiff was cautioned that failure to cure the deficiencies could result in the dismissal of this action. Plaintiff did not timely cure the deficiencies as directed.

Thereafter, by Order [Doc. No. 6] dated September 11, 2017, the Court sua sponte granted Plaintiff additional time, until September 21, 2017, to cure the deficiencies. Plaintiff was again cautioned that failure to cure the deficiencies could result in the dismissal of this action without prejudice to refiling.

As of this date, Plaintiff has not cured the deficiencies. He has neither paid the $400.00 filing fee nor submitted an application to proceed in forma pauperis. He also failed to submit the Complaint on the proper form. Further, he has neither sought an extension of time within which to comply with this Court's order nor shown good cause for his failure to comply with said orders.

## II.      Analysis

Plaintiff has failed to comply with the provisions of 28 U.S.C. § 1915(a)(2) and this Court's local rules. *See* LCvR 3.2, 3.3 and 3.4. Plaintiff's unexcused delay in curing the deficiencies identified above constitutes a failure to prosecute this action, and as a result, this action should be dismissed without prejudice to refiling. *See, e.g.*, *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (addressing a district court's authority to dismiss a case sua sponte for failure to prosecute). Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge*, 552 F.3d at 1236.

Plaintiff has twice been warned that his failure to submit a complaint on the proper form or either pay the filing fee or submit an application to proceed in forma pauperis could result in

the dismissal of this action.[1] Plaintiff's failure to comply has interfered with the Court's ability to manage its docket and resolve this action in an orderly and expeditious manner. Under these circumstances, it is recommended that the action be dismissed without prejudice to refiling.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice to the filing of a new action.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any objection must be filed with the Clerk of the District Court by October 16, 2017. Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 25th day of September, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff failed to cure deficiencies identified by the court in another case in this Court, even after being warned his action may be dismissed for failing to cure them. *See Lee v. Fed. Transfer Ctf.*, No. CIV-16-991-F, 2016 WIL 6791178 (W.D. Okla. Sept. 28, 2016), *report and recommendation adopted*, No. CIV-16-991-F, 2016 WL 6783259 (W.D. Okla. Nov. 16, 2016).